[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14593
Non-Argument Calendar
_____

D.C. Docket Nos. 2:14-cv-00106-WCO; 10-bkc-24902-REB

In Re: CHRISTOPHER ALLEN WALSTON,

                                                                                                                           Debtor.

_____

CHRISTOPHER ALLEN WALSTON,

                                                                                                  Plaintiff - Appellant,

versus

PYOD, LLC,
its successors and assigns as assignee of CitiBank, NA,

                                                                                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 2, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

In a bankruptcy proceeding, debtor Christopher Walston objected to two proofs of claim filed by PYOD, LLC ("PYOD") because, according to Mr. Walston, the claims were unenforceable under Georgia law and thus not allowable under 11 U.S.C. § 502. The bankruptcy court overruled Mr. Walston's objections and allowed the claims, and the district court affirmed the bankruptcy court's ruling. After careful consideration, we affirm.

I.

Mr. Walston filed a voluntary petition for bankruptcy,[1] and PYOD filed two proofs of claim for $6,401.64 and $34,150.37, respectively, representing balances Mr. Walston owed on two credit card accounts. The debts originally were owned by Citibank (South Dakota), N.A. ("Citibank"), which subsequently sold them to Sherman Acquisition, LLC ("Sherman"), which, in turn, transferred them to PYOD.[2] PYOD submitted with its proofs of claim documents to show that it lawfully owned Mr. Walston's debts, including (1) a Bill of Sale and Assignment reflecting that Citibank sold and assigned a portfolio of accounts to Sherman and

---

[1] Mr. Walston originally filed his petition under Chapter 7, but it was subsequently converted to a proceeding under Chapter 13.
[2] PYOD is an affiliate of Sherman.

2

that the list of accounts in that portfolio was provided in an electronic file;[3] and (2) a Declaration of Account Transfer showing that Sherman transferred its interest in the portfolio of accounts to PYOD.

PYOD also submitted with each proof of claim an affidavit from Lynn Hudson, the custodian of records for Sherman and PYOD, explaining based on her review of their books and records that Mr. Walston's accounts were among those transferred from Citibank to Sherman and then to PYOD. Ms. Hudson testified by affidavit that Citibank regularly sold to Sherman certain credit card accounts for which Citibank had received a bankruptcy notice. She explained that the list of accounts transferred from Citibank to Sherman as part of the relevant Bill of Sale and Assignment was too voluminous to provide, but she had reviewed the electronic file from Citibank and verified that Mr. Walston's accounts were among those transferred from Citibank to Sherman to PYOD. Accompanying Ms. Hudson's affidavit was an excerpt from the electronic file with information sufficient to show that Mr. Walston's two accounts were among those transferred. PYOD did not submit with its proofs of claim testimony or business records from Citibank to establish that it had previously owned Mr. Walston's accounts and transferred them to Sherman.

---

[3] The Bill of Sale and Assignment between Citibank and Sherman also identified PYOD as a "Subsequent Buyer" who would acquire the accounts owned by Citibank.

3

Mr. Walston objected to PYOD's claims, arguing they were unenforceable under Georgia law. After briefing, the bankruptcy court overruled the objections and allowed PYOD's claims. Mr. Walston appealed, and the district court affirmed.

II.

When reviewing an order of the district court entered in its role as an appellate court reviewing a bankruptcy court's decision, this Court independently examines the legal and factual determinations of the bankruptcy court, applying the same standards of review as the district court. *IBT Int'l, Inc. v. Northern* (*In re Int'l Admin. Servs., Inc.*), 408 F.3d 689, 698 (11th Cir. 2005). Generally, we review *de novo* any determinations of law, whether by the bankruptcy court or district court, and review the bankruptcy court's factual findings for clear error. *Id.*

III.

This appeal presents the question whether an objected-to claim should be disallowed in a bankruptcy proceeding because the evidence submitted with the proof of claim would be deemed inadmissible under state-law hearsay rules, even though the proof of claim contained all the information required under Federal Rule of Bankruptcy Procedure 3001. Mr. Walston argues that the bankruptcy court should have sustained his objections to PYOD's claims for two reasons: (1) because the evidence PYOD submitted with its proofs of claim was inadmissible as

4

hearsay under Georgia law and should have been excluded, PYOD failed to come forward with evidence establishing that it was the owner of Mr. Walston's debts; and (2) even if PYOD presented prima facie evidence of valid claims, Mr. Walston overcame the prima facie validity based on his legal argument that PYOD's evidence is inadmissible under state law.[4]  We reject both of Mr. Walston's arguments.

### A.

We begin by explaining the framework used to evaluate a claim filed in bankruptcy when the debtor objects to the claim.  Under the Bankruptcy Code, a proof of claim that is not objected to by the debtor or another party is automatically allowed.  11 U.S.C. § 502(a).  Here, PYOD, as a creditor of Mr. Walston, filed two proofs of claim with the bankruptcy court.  Mr. Walston objected to both of PYOD's proofs of claim, meaning the claims were not automatically allowed.  Instead, the bankruptcy court was required to determine, after notice and a hearing, whether the claims would be allowed and the amount of each claim.  *See id.* § 502(b).

Section 501(a) provides that "[a] creditor . . . may file a proof of claim."  But the Bankruptcy Code does not define "proof of claim," and so we look to the Federal Rules of Bankruptcy Procedure for the requirements for a proof of claim.

---

[4] For purposes of this appeal, we assume, without deciding, that PYOD's evidence and testimony would be inadmissible as hearsay under Georgia law.

5

*See Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838, 840 (10th Cir. 2009); *Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 503 (B.A.P. 1st Cir. 2009) (explaining that the Federal Rules of Bankruptcy Procedure "regulate the form, content, and attachments for proofs of claim").

Rule 3001(a) specifies that a proof of claim must "conform substantially to the appropriate Official Form." In this case, the relevant form is Form 10, which requires the claimant to disclose, among other information, the amount of and basis for its claim. Fed. R. Bankr. Form 10. In general, when a claim is based on a writing, the claimant must also file with its proof of claim a copy of the writing giving rise to the debt. Fed. R. Bankr. P. 3001(c)(1); Fed. R. Bankr. Form 10. This requirement does not apply, however, "[w]hen a claim is based on an open-end or revolving consumer credit agreement," such as a credit card, and the claimant does not have a security interest in the debtor's real property. Fed. R. Bankr. P. 3001(c)(3)(A). For such claims, the claimant must instead file a statement identifying: (1) the entity from which the claimant purchased the account; (2) the entity to which the debt was owed at the time of the account holder's last transaction on the account; (3) the date of the account holder's last

6

transaction; (4) the date of the last payment on the account; and (5) the date on which the account was charged to profit and loss. Fed. R. Bankr. P. 3001(c)(3).[5]

When a proof of claim contains all the information required under Rule 3001, it "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The burden then shifts to the objecting party to "'come forward with enough substantiations to overcome the claimant's prima facie case.'" *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692, 701 (5th Cir. 1977) (quoting 3A *Collier on Bankruptcy* ¶ 63.06 (14th ed. 1976)).[6] If the objecting party overcomes the prima facie case, then the burden of proof falls to the party that would bear the burden outside of bankruptcy. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000); 9 *Collier on Bankruptcy* ¶ 3001.09[2] (16th ed. 2015).

---

[5] Because debts may be sold or transferred prior to the debtor's bankruptcy, the debtor may not recognize the entity filing the proof of claim. To "assist the debtor in associating the claim with a known account," the claimant must identify the entity to which the debt was owed at the time of the last transaction and the entity from which it purchased the debt. Fed. R. Bankr. P. 3001(c)(3) advisory committee's note (2012).

[6] In *Bonner v. City of Prichard*, this Court adopted as binding precedent all decisions of the old Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Although we decided *Mobile Steel* under the predecessor to Rule 3001, the standard we adopted — that an objecting party overcomes a prima facie case by producing evidence that is sufficient to negate one or more of the facts set forth in the proof of claim — continues to apply under Rule 3001. Other courts have adopted substantively the same standard. *See, e.g.*, *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (explaining that the if the claimant bring a prima facie valid claim then the burden of going forward shifts to the objector to produce evidence sufficient to "negate one or more of the sworn facts in the proof of claim"); *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (B.A.P. 9th Cir. 2006).

B.

1.

We turn now to PYOD's proofs of claim to determine whether they constitute prima facie evidence of the validity of the claims.  Mr. Walston does not challenge that PYOD submitted with its proofs of claims all the information required under Rule 3001.  As explained above, because PYOD's proofs of claim were "filed in accordance with" Rule 3001, the proofs "constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  This means that at the hearing occasioned by Mr. Walston's objections to the proofs of claim, he bore the burden to produce evidence to overcome the claims' prima facie validity.  *See In re Mobile Steel Co.*, 563 F.2d at 701.

Mr. Walston contends that, under § 502, at the proof-of-claim stage a claimant must submit the evidence accompanying its proof of claim in a form that would be admissible under state-law hearsay rules.  But he has identified no case adopting such a rule.  Contrary to Mr. Walston's unsupported assertion, Rule 3001 sets forth the requirements for a proof of claim, and nothing in Rule 3001 or other bankruptcy rules requires a claimant to reduce the evidence submitted with its proof of claim into a form that would be admissible under state law.  Indeed, requiring a claimant to produce additional evidence to overcome a hearsay or other evidentiary objection directly undermines Rule 3001, which provides that when a

claimant attaches the documents required under the rule, it may "refrain from presenting additional evidence [because] the documents establish prima facie evidence of the validity of the claim." *In re Sandifer*, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004).

We reject Mr. Walston's invitation to place an additional burden on the claimant by requiring that the evidence submitted with the proof of claim be admissible under state law. The Bankruptcy Code provides streamlined and summary procedures "to secure a prompt and effectual administration and settlement of the estate" of a debtor. *Katchen v. Landy*, 382 U.S. 323, 328-29 (1966) (internal quotation marks omitted). Requiring a claimant to put its evidence into admissible form at the proof-of-claim stage is inconsistent with the purpose of these procedures. *See* Fed. R. Bankr. P. 3001; *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1058 (D.C. Cir. 1992) (explaining that "[p]roofs of claim are not intended to be elaborately detailed documents"); *In re Burkett*, 329 B.R. 820, 827 (Bankr. S.D. Ohio 2005) ("[T]he rules governing claims are intended to simplify the claims allowance process and provide a fair and inexpensive process for all parties including creditors."). Because there is no dispute that PYOD's proofs of claim included all of the information required under Rule 3001, the proofs of claim were prima facie evidence of the validity of PYOD's claims. We thus conclude that when a proof of claim includes all of the information required

9

under Rule 3001, it constitutes prima facie evidence of the validity of the claim, regardless of whether the evidence on which the claimant relies would be considered inadmissible hearsay under state law.

2.

Mr. Walston next argues that, even if PYOD's claims were prima facie valid, his objections overcame their prima facie validity, and the claims should have been disallowed. The grounds for disallowing a claim are set forth at 11 U.S.C. § 502(b)(1)-(9). The only ground potentially applicable here is § 502(b)(1), which provides that a claim shall be disallowed if the "claim is unenforceable against the debtor . . . under any agreement or applicable law." Mr. Walston argues that PYOD's claims are unenforceable under Georgia law because PYOD has failed to come forward with non-hearsay evidence to show that it owns Mr. Walston's debts. This argument also fails, for similar reasons.

Although Mr. Walston casts his argument as a challenge to the enforceability of PYOD's claims under applicable law, he is, in fact, making an evidentiary challenge to the admissibility of PYOD's evidence.[7] Again, the problem for Mr. Walston is that PYOD's proof of claim is prima facie evidence of

---

[7] We need not and do not decide here whether a debtor must come forward with evidence that negates a fact in the proof of claim when the objection raises a legal defense that the claim is unenforceable as a matter of law under § 502(b)(1); *e.g.*, the statute of limitations has run or the interest rate on the debt was usurious. Mr. Walston does not raise this type of legal defense; rather, he objects that PYOD has inadequate evidence to support its claims even though they are prima facie valid.

the validity of its claims under the Bankruptcy Code and procedural rules. He cannot overcome the prima facie validity of the claims simply by objecting. Instead, he must support his objections with *evidence* to negate a fact set forth in the proof of claim. *See Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000) ("The consequence of the status of the proof of claim as constituting prima facie evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection without more. In effect, one who chooses to make a mere formal objection is electing to narrow the issue to whether the proof of claim is executed and filed in accordance with the rules." (internal citation omitted)). Although Mr. Walston contends that he "present[ed] facts tending to defeat" PYOD's prima face evidence, in truth, he submitted no evidence in support of his objections, much less evidence that negated any of the facts set forth in PYOD's proofs of claim. Appellant's Br. at 7. In the absence of such evidence, Mr. Walston's objections properly were overruled.

Mr. Walston argues nonetheless that we should adopt the reasoning of the bankruptcy court in *Pursley v. eCAST Settlement Corp. (In re Pursley)* to conclude that he overcame PYOD's prima facie case. 451 B.R. 213 (Bankr. M.D. Ga. 2011). In *Pursley*, debtors overcame the prima facie validity of claims by testifying that they had no dealings with the claimant and never owed it any

money.  *Id.* at 228, 233.  Because the claimant then failed to carry its ultimate burden of showing that it owned the debts, the bankruptcy court disallowed the claims as unenforceable under state law.  *Id.* at 233-34.  Even assuming, *arguendo*, that the bankruptcy court in *Pursley* correctly held that a debtor's testimony can be sufficient to overcome a claimant's prima facie evidence,[8] this case is fundamentally different from *Pursley* because Mr. Walston failed to submit any evidence to overcome PYOD's prima facie evidence relying, instead, on a flawed legal argument.  As a result, Mr. Walston's objections did not overcome the prima facie validity of PYOD's claims and properly were overruled.

## IV.

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**

---

[8] Other courts have criticized *Pursley*, concluding that such testimony from a debtor does not overcome prima facie evidence of a claim's validity.  *See In re Crutchfield*, 492 B.R. 60, 75-76 (Bankr. M.D. Ga. 2013). But the question whether *Pursley* was correctly decided is not before us is in this case, and we offer no opinion on that issue.